GEORGE GERBIG, Respondent, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

*Expert testimony — scope of — damages resulting from personal injuries — evidence.*

Whether a certain wood is strong or weak, brittle or tough, is a matter of fact, and of opinion only in the sense that it requires knowledge of and experience with lumber, and the exercise of the judgment derived from such experience to become aware of the fact, and the same is true as to the holding power of anchors, which is a mechanical or physical fact.

It is competent for experts to testify to opinions concerning matters justly the subject of expert knowledge, or to matters of fact which are not matters of common knowledge.

Upon the trial of an action brought to recover damages resulting from personal injuries, it was shown that the plaintiff, an employee of the defendant, was injured by the collapse of a bin filled with coal, where he had been put to work shoveling the coal. The adjoining bin was empty, and there was evidence to show that before the accident the side toward the empty bin had partly given way or been displaced by the pressure of the coal, and that the defendant had knowledge of that fact.

The plaintiff claimed that the defendant had been negligent in respect to the character of the lumber used, the insufficiency of the anchoring strips, and the failure to strengthen the bin after it had shown signs of weakness.

*Held,* that the evidence was ample to warrant a verdict in favor of the plaintiff.

The answer admitted the defendant's construction of the bin and alleged that it had furnished material suitable in character and in quantity, and had intrusted the work to competent persons, and that the negligence, if any, was that of the plaintiff's fellow-servants in performing the work.

*Held,* that evidence offered by the defendant that another coal company had built the partition and had stored the coal in the adjoining bin was properly excluded.

APPEAL by the defendant, The New York, Lake Erie and West-ern Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 10th day of May, 1893, upon the verdict of a jury for $9,750 after a trial at the Rockland County Circuit, and also from an order made at the Rockland County Circuit on the 2d day of May, 1893, and entered in the said clerk's office, denying the defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Lewis E. Carr*, for the appellant.

*A. S. Tompkins*, for the respondent.

CULLEN, J. :

This is an appeal from a judgment in favor of the plaintiff entered on the verdict of a jury. The plaintiff, an employee of the defendant, was injured by the collapse of a coal bin where he had been put to work shoveling coal. The bin was full, while the adjoining bin was empty. There was evidence tending to show that before the accident the side toward the empty bin had partially given way or been displaced by the pressure of the coal, and that the defendant had notice of that fact. Negligence was claimed in three respects, the character of the lumber used, the insufficiency of the anchoring strips, and the failure to strengthen the bin after it had shown signs of weakness.

The evidence was ample to warrant the verdict, and the judg-ment should stand if no legal error were permitted on the trial. The first error claimed is the admission of testimony as to the char-acter of the wood used for the partition, and to the testimony that the anchors, to sustain any horizontal pressure, would have to extend into the coal, beyond the natural line of rest. No objection is made to the competency of the witnesses giving this evidence. The first was a carpenter; the second, a civil engineer and builder. But it is claimed that such testimony related to matters of opinion, and was, therefore, incompetent, under *Van Wycklen* v. *City of Brooklyn* (118 N. Y. 429), and *Davis* v. *Railroad* (69 Hun, 174, 177).

The testimony of the witnesses was, in one sense, as to matters of opinion, but it was also as to matters of fact. Whether a certain

wood is strong or weak, brittle or tough, is a matter of fact, and is a matter of opinion only in the sense that it requires knowledge of, and experience with lumber, and the exercise of judgment on such experience to become aware of the fact. The same is true of the statement of the holding power of the anchors. It was a mechanical or physical fact. But whether considered matters of fact or matters of opinion the testimony was admissible. It is competent for experts to testify to opinions concerning matters justly the subject of expert knowledge, or to matters of fact which are not matters of common knowledge. The testimony admitted comes exactly within the rule approved in the *Van Wycklen* case, "that the subject must be one of science or skill, or one of which observation and experience have given the opportunity and means of knowledge which exists in reasons rather than descriptive facts." Surely the majority of people do not know the respective merits and demerits of hemlock lumber, and fewer know the law of mechanics governing the holding of an anchor any more than the thrust of an arch. Nor does the ruling of the trial court conflict with our previous decisions in the cases arising from this accident. Indeed, we are inclined to the belief that in those decisions the principle of excluding testimony as to opinion was pushed too far.

The evidence offered by the defendant, that the Hillside Coal and Iron Company had built the partition and stored the coal in the adjoining bin, was properly excluded. The answer admitted defendant's construction of the bin. It alleged that defendant furnished suitable material in character and in quantity, and intrusted the work to competent persons, and that the negligence, if any, was that of plaintiff's fellow-servants in performing the work. This is a plain statement that the defendant did construct the bin; otherwise how could the persons who constructed it have been plaintiff's fellow-servants?

The judgment and order denying motion for new trial should be affirmed, with costs.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment and order denying motion for new trial affirmed, with costs.